J-A24005-17

2017 PA Super 361

WALDRON ELECTRIC HEATING AND COOLING, INC., : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
Appellant :
:
v. :
:
:
:
DANIEL P. CASEBER AND MARGARET : 
A. CASEBER : No. 161 WDA 2017

Appeal from the Judgment Entered January 20, 2017
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2014-790

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

DISSENTING OPINION BY MUSMANNO, J.: **FILED NOVEMBER 14, 2017**

I must respectfully disagree with the Majority's interpretation and application of 73 P.S. § 517.7(b) and (g).

In this case, the Casebers signed an Agreement pursuant to which Waldron Electric would install surge and lightning protection for their residence. On the first business day following the execution of the Agreement, the Casebers rescinded the Agreement. In the interim, however, Waldron Electric had installed equipment in the Casebers' residence. The Majority would hold that, pursuant to section 517.7(g) of the Home Improvement Consumer Protection Act ("HICPA"), Waldron Electric is permitted to recover the reasonable value of services performed. I believe that the Majority's interpretation of HICPA section 517.7 is not consistent with the statutory construction act, and the plain language of the statute.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). "When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." *Id.* § 1921(b). Only "[w]hen the words of the statute are not explicit" may a court resort to the rules of statutory construction, including those provided in 1 Pa.C.S.[A.] § 1921(c). A statute is ambiguous when there are at least two reasonable interpretations of the text under review." *Warrantech Consumer Prods. Servs., Inc. v. Reliance Ins. Co. in Liquidation*, 96 A.3d 346, 354-55 (Pa. 2014) (footnote omitted) (citations omitted).

By its plain and clear language, HICPA section 517.7(b) provides for a right of rescission:

> **(b) Right of rescission.**—An individual signing a home improvement contract, except as provided in the emergency provisions of section 7 of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law, shall be permitted to rescind the contract without penalty regardless of where the contract was signed, within three business days of the date of signing.

73 P.S. § 517.7(b) (footnote omitted).

The Majority relies on subsection (g) as supporting the contractor's right to seek compensation for work performed in this case. Subsection(g) provides as follows:

**(g) Contractor's recovery right.**—Nothing in this section shall preclude a contractor who has complied with subsection (a) from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner if a court determines that it would be inequitable to deny such recovery.

*Id.* § 517.7(g).[1]

In practice, the Majority's interpretation eviscerates the protection expressly granted to consumers under HICPA section 517.7(b). Subsection (b) provides a consumer three days within which to rescind the contract. *Id.* § 517.7(b). Under the Majority's interpretation, a contractor need only commence work within the three-day period to avoid rescission of the contract for the work performed within those three days. Such a result is unreasonable and absurd, given the protections conferred upon the consumer by the plain language of subsection (b). **See** 1 Pa.C.S.A. § 1922(1) (setting forth the presumption of statutory construction that the General Assembly "does not intend a result that is absurd, impossible of execution or unreasonable."). Consequently, I would affirm the judgment entered by the trial court.

---

[1] Further, it would not be "inequitable to deny such a recovery" to Waldon Electric. The Casebers presented evidence that before the magistrate's hearing, they attempted to return the equipment installed by Waldron Electric to Mr. Waldron. **See** Slip Opinion at 5. However, Mr. Waldron refused the equipment stating, "They're junk. I don't want them, they're junk." **Id.** Where, as here, Waldron Electric performed work during the three-day rescission period, refused return of its equipment, and told the consumer that the equipment was "junk," the equities would not favor requiring the consumer to pay Waldron Electric.